**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| ANDRE CUTLER, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 20-9009 (JMV) |
| v. | : | |
| | : | **OPINION** |
| BRUCE DAVIS, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**VAZQUEZ, District Judge:**

Before the Court is Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (D.E. 1.)  In his filing, Petitioner conceded that his Petition is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (D.E. 1, at 12–13.)  Consequently, the Court issued an Order to Show Cause as to why the Court should not dismiss this matter as untimely.  Petitioner did not respond to the Court's Order.  For the following reasons, the Court will deny the Petition as time barred.

### I.    BACKGROUND & ANALYSIS

As set forth in the Court's earlier Order:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  That limitations period begins to run when the criminal judgment becomes "final."[1]  "Final

---

[1] The statute states in full that the limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

judgment in a criminal case means sentence.  The sentence is the judgment."  *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (citing *Berman v. United States*, 302 U.S. 211, 212 (1937)).  A judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review.  *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A) (stating that the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

At the conclusion of Petitioner's direct appeals, the New Jersey Supreme Court denied certification on October 14, 2004. (*Id.* at 12–13.)  Petitioner did not seek a writ of *certiorari* from the United States Supreme Court.  As a result, his conviction became final ninety days after the New Jersey Supreme Court's October 14, 2004, order denying certification, *i.e.*, January 12, 2005. *See Fuscaldo v. Nogan*, No. 16-4198, 2019 WL 4927022, at *9 (D.N.J. Oct. 4, 2019).  Thereafter, Petitioner's one-year limitations period expired on January 12, 2006.

(D.E. 3, at 2.)

Upon closer review, after his direct appeals, Petitioner "took no further action concerning his conviction for over twelve years until he filed a *pro se* PCR petition on March 1, 2017." *State*

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1).  There is no indication that any subsection other than (A) is applicable here.

*v. Cutler*, No. A-4059-17T1, 2019 WL 5681468, at *1 (N.J. Super. Ct. App. Div. Nov. 1, 2019), *cert. denied*, 229 A.3d 870 (N.J. 2020).  As a result, Petitioner filed his state PCR petition over ten years after the AEDPA limitations period had expired.

Similarly, Petitioner did not file his § 2254 Petition until July 9, 2020, over fourteen years after the limitations period had expired. (D.E. 1, at 14.)  According to the instant Petition, the Court should excuse Petitioner's late filing because: (1) he filed the Petition less than one year after completing his post-conviction relief ("PCR") proceedings, and (2) the state court "impeded" him by failing to advise him of the AEDPA limitations period.

As to his first argument, if a petitioner files a timely state PCR petition during the AEDPA's one-year period, the PCR petition will toll the limitations period; "it will not, however, revive a one-year period that has already expired." *See, e.g.*, *Rodriguez v. New Jersey*, No. 18-12570, 2019 WL 2193498, at *2 (D.N.J. May 20, 2019); *Banks v. Pierce*, No. 17-2961, 2018 WL 1446402, at *3 (D.N.J. Mar. 23, 2018); *see also Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, . . . [as] the limitations period had already run when it was filed.").

In the present case, Petitioner did not file his state PCR petition until over ten years after his AEDPA limitations period had expired. *Cutler*, 2019 WL 5681468, at *1.  Accordingly, Petitioner's PCR petition and related proceedings had no effect on his limitations period.

As to his second argument, to the extent Petitioner's late filing was due to his lack of legal knowledge, such circumstances do not warrant equitable tolling. *See, e.g.*, *Walker v. Ricci*, No. 09-5325, 2013 WL 3223552, at *11 (D.N.J. June 25, 2013) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Pryor v. Yatauro*, No. 12-1427, 2013 WL 2242460, at *3 (D.N.J.

May 20, 2013).  Nor did the state courts have any duty to provide Petitioner with legal advice as to the filing deadlines in federal court.

Accordingly, Petitioner has failed to present a basis for the Court to excuse his otherwise untimely § 2254 Petition.  As a result, the Court will deny the Petition as time barred.

## II.   CERTIFICATE OF APPEALABILITY

The AEDPA provides that petitioners may not appeal a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,"  a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable that the Petition is untimely.  Consequently, the Court will not issue a certificate of appealability.

## III.   CONCLUSION

For the reasons discussed above, the Court will deny the Petition. A certificate of appealability shall not issue.  An appropriate Order follows.

2/10/21
Date

JOHN MICHAEL VAZQUEZ
United States District Judge