**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANDRE CUTLER, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 20-9009 (JMV) |
| v. | : | |
| | : | **OPINION & ORDER** |
| BRUCE DAVIS, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

Before the Court is Petitioner's motion to reopen this case and to vacate the Court's prior Opinion and Order dismissing this matter as untimely. (D.E. 6, 7.) According to Petitioner, he did not receive the Court's earlier Order to Show Cause as to why the Court should not dismiss this matter as untimely. The Court accepts and considers Petitioner's late submission, but for the reasons set forth below, Petitioner's arguments do not change the conclusion that this matter is untimely.

In his response, Petitioner argues that the state courts had a duty to advise him of the State's post-conviction relief ("PCR") deadlines. As they failed to advise him of those deadlines, Petitioner argues that he could not have exhausted his claims and thus, there was a "state created impediment" under 28 U.S.C. § 2244(d)(1)(C) to the filing of his federal habeas petition. (D.E. 6, at 6.) According to Petitioner, because of that failure, he did not become aware of his right to file a PCR petition until 2017, over twelve years after his conviction became final in January of 2005.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399)

For equitable tolling to apply, the Third Circuit elaborated on the requirement of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) . . . . The fact that a petitioner is proceeding *pro se* does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799–800. A court may find extraordinary circumstances where (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Turning first to whether Petitioner was reasonably diligent, Petitioner argues that he diligently pursued his state rights as soon as he discovered that he had a right to file a PCR petition.

(D.E. 6, at 4–5.) Setting aside that Petitioner could have discovered his PCR rights by a multitude of other means,[1] Petitioner also fails to explain how he has diligently pursued his *federal* rights.

In order to diligently pursue his federal rights, Petitioner "needed to file his habeas petition" within a year of when his judgment of conviction became final "and request a stay and abey of his habeas petition while he litigated" his planned PCR claims. *See, e.g.*, *Bennett v. Clark*, No. 16-3687, 2017 WL 6758399, at *5 (E.D. Pa. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 6731622 (E.D. Pa. Dec. 29, 2017) (citing *Darden v. Sobina*, 477 F. App'x 912, 918 (3d Cir. 2012) (finding that petitioner failed to diligently pursue his federal rights by not filing a "protective" federal petition while pursuing state collateral relief)).

Even assuming the state courts had a duty to advise Petitioner of his PCR deadlines, it appears that Petitioner made no effort to protect or preserve his federal rights. Petitioner could have filed a protective § 2254 petition, and could have done so without first exhausting his PCR claims. Additionally, Petitioner could have filed a § 2254 petition to any claims he exhausted through the completion of his direct appeals. Instead, it appears that for over fourteen years, Petitioner did nothing to pursue his federal rights.

Nor does Petitioner demonstrate that extraordinary circumstances prevented his timely filing. Petitioner alleges that the state courts' failure to advise him of PCR deadlines was an "impediment" to the filing of a timely habeas petition under 28 U.S.C. § 2244(d)(1)(C). Under that statute, if there truly was a state impediment that "prevented" Petitioner from filing a § 2254 petition, it would have generated a new one-year limitations period. *Id.* As discussed above, however, Petitioner was not "prevented" from filing a § 2254 petition, as he could have filed a

---

[1] For example, Petitioner could have asked the state courts, his trial counsel, his appellate counsel, or researched the deadlines at the prison's law library.

3

protective petition at any time within one year after his conviction became final in 2005. (D.E. 3, at 2.) Petitioner could have also informed himself of the state and federal deadlines in a myriad of ways without relying on the state court.

Ultimately, Petitioner fails to argue that "there was an obstacle *beyond Petitioner's control that necessarily prevented* him from filing a timely petition, [and] there is no basis for equitable tolling." *Phillips v. D'Illio*, No. 15-2884, 2016 WL 54673, at *4 (D.N.J. Jan. 4, 2016) (arriving at the same conclusion in a case where PCR counsel failed to file a protective petition) (emphasis added).

Even if Petitioner's late filing was due to his lack of legal knowledge and awareness of the AEDPA's limitations period, but such circumstances do not warrant equitable tolling. *See, e.g., Walker v. Ricci*, No. 09-5325, 2013 WL 3223552, at *11 (D.N.J. June 25, 2013) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Pryor v. Yatauro*, No. 12-1427, 2013 WL 2242460, at *3 (D.N.J. May 20, 2013).

Consequently, the Court finds that Petitioner's supplemental arguments fail to demonstrate reasonable diligence or extraordinary circumstances to justify tolling, and his Petition remains untimely. *Darden*, 477 F. App'x at 918. Accordingly, and for good cause shown,

IT IS, on this 5th , day of March 2021,

**ORDERED** that the Clerk of the Court shall REOPEN this matter for consideration of Petitioner's latest submissions; and it is further

**ORDERED** that Petitioner's motion to reopen and to vacate the Court's earlier decision, (D.E. 6, 7.), is DENIED; and it is further

4

**ORDERED** that the Clerk of the Court shall send a copy of this Opinion and Order to Petitioner by regular U.S. mail and once again CLOSE this case.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge